# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:07-cv-335

| | |
|---|---|
| STEPHEN W. WALKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorneys' Fees Under the Social Security Act, 42 USC 406(b). [Docs. 27, 30].

## I. PROCEDURAL HISTORY

The Plaintiff, Stephen W. Walker, initiated this action on October 18, 2007, seeking review of the denial of his claim for benefits by the Defendant, Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act ("the Act"). [Doc. 1]. On

March 3, 2009, the Court remanded the matter to the agency under Sentence Four of 42 U..S.C. 405(g). [Doc. 21].

The Plaintiff thereupon moved for and was granted an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $3950.00. [Doc. 26]. On remand, the Plaintiff was awarded benefits, including significant past due benefit awards from which a total of $18,359.50 was withheld for the possible payment of attorney fees under the Act. The total past due benefits award was $73,436.00. [Doc. 31-2]. Now Plaintiff comes with his Motion seeking approval of a fee equal to $18,359.50 under 42 U.S.C. 406(b). [Docs. 27, 30]. No fees have been sought or awarded under 406(a). [Doc. 31-2].

In response, Defendant states that it will not oppose a reasonable award that does not exceed $8,887.50, and requests the Court to order Plaintiff's counsel to reimburse Plaintiff the lesser of the awards under EAJA or this Order. [Doc. 31].

## II. ANALYSIS

The Social Security Administration provides three avenues by which a claimant's attorney may be paid fees in disability cases. Section 206 of the Social Security Act, 42 U.S.C. § 406 and the agency's implementing

regulations bifurcate attorney's fees for representation of claimants into services before the agency and services before the courts. Section 406(a) provides attorneys with the means of requesting fees directly from the agency, either through a fee petition or through a fee agreement. For cases that proceed to federal court, where the court renders a judgment favorable to the claimant, the Social Security Act also provides that the court may determine, and allow a reasonable fee paid to counsel for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. 42 U.S.C. § 406(b)(1)(A), Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 138 (4th Cir. 2009).

Fees may be awarded under 42 USC 406(b) even when the award of benefits under which they are claimed, is granted by the agency after the Court's order of remand under sentences four or six of 42 USC 405(g), rather than granted directly by the Court. Connor v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967), McPeak v. Barnhart, 388 F.Supp.2d 742 (S.D.W.Va., 2005).

The third avenue by which a claimant's attorney may receive fees is a petition by claimant for fees pursuant to the EAJA, 28 U.S.C. § 2412(d). An

3

EAJA award is permitted and payable to claimant if a claimant receives a favorable decision from a court. Stephens, 565 F.3d at 137.

Fee awards may be made pursuant to both the EAJA and section 406 of the Social Security Act; however, claimant's attorney must surrender to the claimant the smaller of any two awards actually paid to him, to the claimant. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002), Stephens at 139. This outcome must be effected through the Court's entry of an order setting the 406(b) fee and directing counsel's reimbursement of the EAJA fee therefrom. Gisbrecht, 535 U.S. at 796. The EAJA fee is not deducted from the retroactive benefit amount paid to the claimant because it is paid out of the agency's funds as a penalty to the Commissioner; while fees paid under 42 U.S.C. section 406(b) are paid from the claimant's past-due benefits in order to satisfy his obligation to counsel. Orner v. Shalala, 30 F.3d 1307, 1309 (10th Cir. 1994).

## IV. DISCUSSION

In the present case, Defendant does not contest the Plaintiff's request for fees; only the sum thereof. Plaintiff has submitted a copy of his fee agreement, review of which reveals a contingency fee arrangement compliant with the Act. As such, the Court deems this contingency fee

agreement reasonable; and its terms are not displaced by 42 USC 406. In light of the above-cited history of this matter, and in the absence of any evidence that special circumstances exist that would render an award of attorneys' fees under this agreement unjust, the Court concludes that the Plaintiff is entitled to an award of attorneys' fees under his fee agreement to the extent permitted by 42 USC 406(b).

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Under 406(b)(1)(A), an award of attorneys' fees must be "reasonable." Gisbrecht, 535 U.S. at 792. Yarnevic v. Apfel, 359 F.Supp.2d 1363, N.D.Ga. 2005. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). Because section 406(b) requires an affirmative judicial finding that the fee yielded by a 406(b)-compliant contingency fee agreement is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied. Gisbrecht, 535 U.S. 789 n. 17.

Factors the Court may examine in its reasonableness determination include, pursuant to Gisbrecht, whether Plaintiff's counsel has interjected unnecessary delay or provided substandard representation, and the proportion of time expended to benefits awarded. Id. at 808.

Review of the docket sheet for this case shows no delay was interposed by Plaintiff's attorney while before the Court. No suggestion of any quality problems whatsoever in the representation has been made or is evident to the Court. The Court appears precluded from considering any delay during the remand period. Morris v. Social Security Administration, 689 F.2d 495, 497 (4th Cir.1982). In any event it can infer none from the docket: about 14 months passed from the judgment of remand under sentence four until an award was entered for Plaintiff, during which a hearing and decision would have had to occur, and this is not an atypical timeframe for these events.

In support of his request for an award of $18,359.50, the Plaintiff submits an itemization of the hours claimed by counsel to be related to hours before the Court, but not those before the agency, in this case, with related affidavits. Id., [Doc. 30-3]. As detailed below, the Court concludes that these state a total 25 attorney hours [Doc. 30-3 p.1]. The Court finds that this number of hours is reasonable, and the result when compared to the number of hours demonstrates the efficiency and experience of Plaintiff's counsel, which also point back to the high quality of the representation.

Another test of reasonableness is the relationship between the fees requested and Plaintiff's counsel's customary rate. Plaintiff's original submissions lacked a statement of his actual hourly rate. His Reply to Defendant's Response Opposing Fees, however, did provide it, stating it to be $275.00 per hour. [Doc. 32]. The Court's experience with actual hourly rates in the community among attorneys in this specialization is that Plaintiff's counsel's $275.00 per hour non-contingent rate is within the customary range. Gisbrecht , 535 U.S. at 808.

Examining reasonableness as a function of the ratio of requested fee to hours worked, the 25 hours' work at the claimed award figure calculates to $734.36 per hour. In quoting cases for the proposition that this rate is too high under the "windfall" element that courts may examine in determining the reasonableness of a fee, Defendant assert that Plaintiff should draw a fee at 2.5 times his hourly rate. But Defendant reaches that conclusion from calculating on two incorrect points of data: a wrong hourly rate, and a wrong number of hours.

Defendant urges the Court to adopt the hourly rate claimed in Plaintiff's EAJA petition as a baseline, and then to apply the various reasonableness tests from that baseline. Defense counsel offers as authority for this contention, two cases from Maine where he also served

7

as counsel for the Commissioner. In Quint v. Astrue, 2008 WL 4905482 (D.Me. Nov. 12, 2008), the question whether the statutory constraints on hourly rates imposed by the EAJA statute apply to fee requests under 406(b) is not addressed; rather, for reasons unstated, the Court worked from the EAJA hourly rate, and disregarded other calculations offered by Defendant. In Ogle v. Barnhart, 2003 WL 22956419, the question again is not actually argued by the parties and analyzed by the Court, but conceded without discussion or context by the Plaintiff. As such, the Court finds those cases unpersuasive. The Court finds that Plaintiff has amply proven that his customary hourly rate falls within the usual range for counsel of similar expertise in this community.

Defendant is also incorrect in the statement of the number of hours Plaintiff spent before the Court that he includes in his calculation of reduced fees. He misquotes Plaintiff's EAJA Application to claim 22.5 hours [Doc. 31 at 4]. Close examination of that EAJA application [Doc. 24] shows Plaintiff actually performed 25 hours of work. Under a 406(b) analysis, the Court is inclined to base its calculations on this total.

Returning to the calculated figure of $734.36 per hour, the Court notes that it is 2.67 times counsel's hourly rate of $275.00. That falls within

the range of multiples used in the cases cited by Defendant, and shows that the award from which the calculations derive is not a "windfall".

The Court is mindful that use of such multiplier tests for reasonableness cannot be its sole consideration, at the risk of returning to the "lodestar" yardstick abandoned in Gisbrecht. As such, the Court also looks to other measures of reasonableness. The award requested is a lawful 25% of the benefits awarded, and without his counsel's bringing this suit, Plaintiff would not have received the sizeable award that he did. Brown v. Barnhart, 270 F.Supp.2d 769, 772 (W.D. Va, 2003). Courts in this Circuit have also examined other measures, such as the ratio of requested fee to back benefit award; here, a lawful 25% after the EAJA offset. *See* Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005), Claypool v. Barnhart, 294 F.Supp.2d 829 (S.D.W.Va.,2003), West v. Astrue, Not Reported in F.Supp.2d, 2008 WL 1927308 (N.D.W.Va., 2008).

Finally, granting the reduction requested by Defendant, even accepting *arguendo* Defendant's preference of hourly rate and number of hours actually worked, "would not give effect to the contingent-fee agreement entered into by the parties, nor would it take into account the value of the representation Plaintiff received." Claypool., 294 F.Supp.2d at 834.

Viewed from all angles, Plaintiff's requested fee is reasonable in amount. Since the award sought honors the reasonable agreement between the Plaintiff and his chosen counsel, it will be granted.

**O R D E R**

**IT IS THEREFORE ORDERED** as follows:

Plaintiff's Motion for Attorneys' Fees Under the Social Security Act [Docs. 27, 30] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

(1) Plaintiff's counsel shall have and recover of Defendant the amount of $18,359.50 as attorney's fees.

(2) Plaintiff's counsel shall pay as a refund to Plaintiff, any sum actually paid by Plaintiff to counsel as attorney fees from the award previously made to Plaintiff under the EAJA.

(3) With respect to any portion of the EAJA award attributed as a costs, Plaintiff's counsel shall reimburse that portion to Plaintiff if Plaintiff's own funds originally paid such costs and Plaintiff has not already been reimbursed.

**IT IS SO ORDERED.**

Signed: October 1, 2010

Martin Reidinger
United States District Judge